IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WILLIE L. HINES, #042991**

    **Plaintiff,**

vs.                                               **CASE NO.:  4:11cv386-RH/WCS**

**GERALD ABDUL WASI, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, has filed a civil rights complaint, doc. 1, under 42 U.S.C. § 1983, and an application to proceed *in forma pauperis*, doc. 2. Plaintiff did not submit his complaint on court forms as is required by N.D. Fla. Loc. R. 5.1(J). Use of that form, and truthfully completing the complaint form, would have disclosed that Plaintiff is not entitled to proceed *in forma pauperis* and his motion, doc. 2, should be **DENIED**.

Plaintiff previously litigated case number 4:00cv437-WS. That civil rights action was dismissed on January 25, 2001, as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Docs. 10, 11 of that case. Plaintiff then filed an appeal of that dismissal and the appeal was dismissed as frivolous. Doc. 21. Those events count as two frivolous dismissals. Plaintiff also filed case number 8:01cv705 in the United

States District Court for the Middle District of Florida. The case was dismissed in April of 2002, docs. 45 and 56, and Plaintiff filed a notice of appeal. On December 27, 2002, Plaintiff's appeal was dismissed as frivolous. Doc. 63 of that case. Plaintiff has, accordingly, accumulated three dismissals under § 1915(e)(2)(B).

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915:

> . . . if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. In the complaint filed in this case, Plaintiff does not allege being in "imminent danger of serious physical injury." Because Plaintiff's allegations do not bring him within the "imminent danger" exception, Plaintiff's *in forma pauperis* motion must be denied and this case dismissed. Dismissal should be without prejudice so that Plaintiff could initiate another civil rights action for which he pays the full $350.00 filing fee at the time of case initiation.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and Plaintiff's complaint, doc. 1, be **DISMISSED without prejudice**, and the

Clerk of Court should be directed to enter on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on August 22, 2011.

S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**